PUBLISH

UNITED STATES COURT OF APPEALS

Filed 4/11/96                    TENTH CIRCUIT

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff-Appellant,            )
                                    )
vs.                                 )           No. 95-8053
                                    )
DONALD KEITH BLACKWELL,             )
                                    )
    Defendant-Appellee.             )

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 94-CR-105)

Patrick J. Crank, Assistant United States Attorney (David D. Freudenthal, United States Attorney, with him on the brief), Casper, Wyoming, for Plaintiff-Appellant.

Steven A. Wuthrich, Sandy, Utah, for Defendant-Appellee.

Before BALDOCK, McWILLIAMS, and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

The district court sentenced Defendant Donald Keith Blackwell to fifteen months imprisonment for conspiring to distribute eight ounces of cocaine. Shortly thereafter, the court learned that Defendant's co-conspirator and supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah

sentenced her to five-years probation.  Concerned with the apparent disparity, the court, on Defendant's motion, convened a hearing seventy-two days after the initial sentence date and resentenced Defendant to three-years probation.

"Federal courts are courts of limited jurisdiction." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).  Congress has authorized the federal courts to modify a sentence only in limited circumstances.  Because no congressional enactment authorized the court to modify Defendant's sentence in the instant case, the court lacked jurisdiction to do so.  We therefore reverse.

I.

In September 1994, a Wyoming grand jury returned a three-count indictment against Defendant, charging him with conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (Count I), and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a), (b)(1)(C) (Counts II, III).  In February 1995, Defendant pleaded guilty to Count I of the indictment.  In accord with the terms of the plea agreement, on April 17, 1995, the government filed a Motion to Impose Sentence Below the Guideline Range to reflect Defendant's substantial assistance to authorities.  The government moved the court to grant Defendant a three-level reduction in his offense level.  The motion specified that a three-level reduction would reduce Defendant's offense level to 14, which when combined with criminal history category I, yielded a guideline sentencing range of fifteen to twenty-one months imprisonment.

2

On April 24, 1995, the court held a sentencing hearing. The court granted the government's Motion to Impose Sentence Below the Guideline Range. The court sentenced Defendant at the low end of the guideline range to fifteen months imprisonment.

On June 14, 1995, Defendant filed a Motion for Resentencing and supported his motion with a later filed brief. In his motion and brief, Defendant alleged that three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation. Defendant argued that, in light of this information, his sentence of fifteen months imprisonment was unfair. Defendant maintained that the district court had "almost complete discretion" to depart downward. Defendant cited Fed. R. Crim. P. 35 and requested "the Court . . . revisit the sentence in this case to provide for equal justice."

In response, the court scheduled a hearing to determine "whether or not the court's original sentence should be vacated and the defendant resentenced." The government objected and contended the court was without jurisdiction to modify Defendant's sentence. The government argued that neither the Federal Rules of Criminal Procedure nor any federal law empowered the district court to modify Defendant's sentence. Accordingly, the government requested the court vacate the resentencing hearing.

Over the government's objection, the court held the resentencing hearing on July

3

5, 1995.[1]  The court ruled two alternative sources of authority empowered it to modify

Defendant's sentence: (1) the court's "inherent jurisdiction" to right injustices, and (2)

Fed. R. Crim. P. 35:

> [1]  This case, I think, requires the Court to rely on its inherent jurisdiction
> to prevent an injustice. . . . [S]o I'm going to make--I'm going to grant the
> motion for re-sentencing on the grounds of justice, on the ground that the
> Court has the power nunc pro tunc to change sentences that were the result
> of a clerical error, and the clear injustice.
>
> [2]  [I]t does to me seem just and fair to grant [Defendant's] motion for
> resentencing as if it were a Rule 35 motion that was made after having
> cooperated with the United States.

At the conclusion of the hearing, the court resentenced Defendant to three-years

probation, with six-months home detention.  On July 11, 1995, the court entered a

Correction or Reduction of Judgment in a Criminal Case.  The caption of the Correction

order indicated that judgment was corrected "[p]ursuant to F.R. Crim. P. 35(a), (b), (c), or

Rule 36."  The government's appeal followed.

---

[1]  Defendant argued for the first time at the resentencing hearing that 28 U.S.C. § 2255 authorized the court to resentence Defendant.  The government responded that Defendant had not filed a § 2255 petition with the court, and objected claiming unfair surprise.  The court concluded the government's objection was valid, and did not rely on § 2255 to resentence Defendant.  Defendant argues that we should liberally construe his Fed. R. Crim. P. 35 Motion for Resentencing as a § 2255 petition, and affirm the district court's exercise of jurisdiction under § 2255.  We decline to do so.  Defendant did not file a § 2255 petition in the district court, and we will not liberally construe pleadings prepared by counsel.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Because Defendant did not file a § 2255 petition, the court concluded the government's unfair surprise objection was valid, and did not rely on § 2255 to resentence Defendant.  We therefore do not consider § 2255 as an alternative basis for the court's jurisdiction. Defendant is, however, free to file a § 2255 petition in the future if he so desires.

On appeal, the government argues that neither Rules 35 or 36, nor the court's "inherent jurisdiction" authorized the court to modify Defendant's sentence in the instant case. The government maintains, therefore, that the court lacked jurisdiction to resentence Defendant. We review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence. See United States v. Maher, 919 F.2d 1482, 1485 (10th Cir. 1990) ("Legal conclusions are reviewed de novo."); Henry, 43 F.3d at 511 ("The determination of the district court's subject matter jurisdiction is a question of law which we review de novo.").

A.

A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994) ("The authority to change a sentence must derive from some federal statutory authority."); see also United States v. Hardage, 58 F.3d 569, 574 (10th Cir. 1995) ("[W]ith the exception of certain powers which truly fit the rubric of 'inherent power,' . . . federal courts cannot act in the absence of statutory authority.").[3] Section 3582(c) of Title 18 of the United States Code provides

---

[3] A district court also is empowered, of course, to modify a defendant's sentence pursuant to mandate from this court. See 28 U.S.C. § 2106 (federal appellate court may reverse and remand for further proceedings).

three avenues through which the court may "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." Id. at § 3582(c)(1)(A), (c)(1)(B), (c)(2). Avenues one and three are inapposite to the instant case. Avenue two offers Fed. R. Crim. P. 35 as the only potential source of authority to support the district court's modification of Defendant's sentence. We address the court's authority to modify Defendant's sentence under Rule 35, Rule 36,[4] and its "inherent jurisdiction" in turn.

1.

Rule 35 of the Federal Rules of Criminal Procedure empowers a court to correct or reduce a Defendant's sentence in three specified instances. Subsection (a) authorizes a district court to correct an illegal sentence on remand from a court of appeals. Fed. R.

---

[4] We agree with the Fifth Circuit, that "[a]lthough § 3582(c) does not refer to Fed. R. Crim. P. 36, we discern no intent on the part of Congress to preclude a court from correcting" clerical mistakes and minor errors under Rule 36. United States v. Lopez, 26 F.3d 512, 515 n.5 (5th Cir. 1994). Section 3582(c) specifies the instances in which a court can substantively modify a Defendant's sentence. Rule 36, on the other hand, grants the court authority to correct "clerical mistakes." See Fed. R. Crim. P. 36. Accordingly, Rule 36 does not fall within § 3582's exclusive statutory ambit of authority to "modify a term of imprisonment."

Crim. P. 35(a). Subsection (b) grants a court authority to "reduce a sentence to reflect a defendant's <u>subsequent</u>, substantial assistance" "<u>on motion of the Government made within one year after the imposition of the sentence</u>." Fed. R. Crim. P. 35(b) (emphasis added). Finally, subsection (c) provides that a court "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c).

None of these subsections apply to the instant case. Subsection (a) does not apply because the case was not on remand to the district court. Subsection (c) does not apply, <u>inter alia</u>, because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later.[5] <u>See</u> <u>United States v. Townsend</u>, 33 F.3d 1230, 1231 (10th Cir. 1994) (seven-day time limit imposed by Rule 35(c) is jurisdictional).

This leaves subsection (b). Subsection (b) applies "on motion of the Government made within one year after the imposition of the sentence." Fed. R. Crim. P. 35(b). Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence. The Defendant's Motion for Resentencing, therefore, did not give the court authority to

---

[5] In its brief and at oral argument, the government noted that the court resentenced Defendant sixty-one days after the initial sentence date. By our math, April 24, 1995 to July 5, 1995 is seventy-two days. Regardless whether it was sixty-one or seventy-two days, however, the important point is that the court did not act within Rule 35(c)'s seven-day period.

resentence him under Rule 35(b).[6]  Hence, Fed. R. Crim. P. 35(b) did not authorize the district court to resentence Defendant in the instant case.  Accordingly, we conclude that Rule 35 did not empower the court to resentence Defendant in the instant case.  The court therefore erred in relying on Rule 35.

2.

Rule 36 provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."  Fed. R. Crim. P. 36. Rule 36 gives the court authority to correct clerical-type errors, Fed. R. Crim. P. 36; see Corey, 999 F.2d at 496-97 (court may correct clerical error in written judgment under Rule 36), but does not give the court authority to substantively modify a Defendant's sentence. United States v. Werber, 51 F.3d 342, 347, 348 and n.16 (2d Cir. 1995) (collecting cases and noting that Rule 36 allows the court to correct transcription errors, but not "error[s] of law"); United States v. Fraley, 988 F.2d 4, 5-6 (4th Cir. 1993) (Rule 36 did not authorize court to modify Defendant's sentence from ten to five months imprisonment).

---

[6]  The only motion the government filed was its Motion to Impose Sentence Below Guideline Range.  The government filed this motion seven days before the court imposed Defendant's original sentence.  Rule 35(b), however, applies only to government motions made "within one year after the imposition of the sentence."  As a result, the government's Motion to Impose Sentence Below Guideline Range did not grant the court authority to resentence Defendant under Rule 35(b).

In the instant case, the court substantively modified Defendant's sentence from fifteen-months imprisonment to three-years probation. Rule 36 does not authorize substantive sentencing modification. E.g., Werber, 51 F.3d at 348 & n.16; Fraley, 988 F.2d at 5-6. Accordingly, we conclude the court erred in relying on Rule 36 to substantively modify Defendant's sentence.

## B.

"A district court does not have inherent power to resentence defendants at any time." United States v. Lewis, 862 F.2d 748, 750 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989); accord United States v. Corey, 999 F.2d 493, 496 (10th Cir. 1993); United States v. Fahm, 13 F.3d 447, 453-54 (1st Cir. 1994). To the extent that Congress codified the district court's inherent power to correct certain sentencing errors in Fed. R. Crim. P. 35(c), it provided a strict seven-day time restriction for the court to do so. Fed. R. Crim. P. 35(c); see Corey, 999 F.2d at 496 ("Subsection (c) codifies in limited form the inherent authority of the district courts to correct sentencing errors."); Fahm, 13 F.3d at 453-54 ("The 1991 amendment to Rule 35(c) was intended to codify the [Second and Fourth Circuit's holdings that a court has inherent jurisdiction to correct certain sentencing errors] . . . but requires as well that the sentencing court *act within* the time frame prescribed by the rule."). Accordingly, we conclude the district court had no inherent authority to resentence Defendant in the instant case. E.g., Lewis, 862 F.2d at 750.

III.

In sum, we conclude that neither Rules 35 or 36, nor the court's "inherent jurisdiction," authorized it to modify Defendant's sentence in the instant case. Accordingly, the court lacked jurisdiction to resentence Defendant. We therefore REVERSE and REMAND with instructions to reinstate Defendant's original sentence.

REVERSED AND REMANDED.