F I L E D
United States Court of Appeals
Tenth Circuit

MAR 24 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN MARK SKUFCA,

Defendant-Appellant.

No. 96-1225
(Dist. of Colorado)
(D.C. No. 92-CR-70-S)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Steven Mark Skufca appeals his 24-month sentence for violation of supervised release entered by the United States District Court for the District of

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Colorado. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and REVERSES.

Skufca was sentenced to three years probation based on his August 18, 1992 conviction for use of controlled substances. Skufca violated his probation and on May 3, 1994 was sentenced to prison for 91 days plus a three year term of supervised release. Based on Skufca's subsequent use of narcotics, the probation office petitioned the district court to revoke his supervised release and to impose a prison sentence. On April 26, 1995, the district court orally revoked Skufca's supervised release term and imposed a sentence of 12-months incarceration. At the same time, the district court stayed execution of the sentence, placed Skufca back under supervised release, and scheduled a subsequent sentencing hearing on May 4, 1995.[1] At the May 4, 1995 hearing, the district court heard additional

---

[1]The district court stated:

It is the Court's determination that Mr. Skufca should be remanded to the custody of the United States Marshal's service to be conveyed with all due and convenient speed into the custody of the United States Bureau of Prisons there to be kept and confined for a period of 12 months, the maximum sentence available under the law.

However, in one last attempt at further examination of my exercise of discretion in this matter, I'm going to stay execution of that sentence and would like to confer with Probation. Unfortunately, I'm almost 30 minutes past the next hearing that was scheduled today, and I don't want to do anything in this matter which would be inappropriate. So I will stay execution of that sentence at this time, place him back in Community Corrections--that's where he is at this time--and continue this matter. We'll have a further hearing, unless there's some objection.

evidence from the probation officer, vacated Skufca's 12-month sentence, and reinstated Skufca's supervised release. A year later, the probation office again petitioned the district court to revoke Skufca's supervised release based on another narcotics violation. On May 3, 1996, the district court revoked Skufca's term of supervised release and sentenced him to 24-months incarceration.

Skufca appeals the 24-month sentence based on two grounds. First, Skufca claims that under Fed. R. Crim. P. 35(c), the trial court lacked jurisdiction to revoke his original 12-month prison sentence. Second, he claims that the subsequent 24-month prison sentence was plainly unreasonable and excessive. Skufca requests this court to remand his case to the trial court for imposition of the original sentence of 12 months. We grant his requested relief.

The question whether the district court was justified in resentencing Skufca is jurisdictional. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) ("A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.") We review the legal question of whether the district court possessed jurisdiction to modify Skufca's sentence *de novo*. *Id.*

Fed. R. Crim. P. 35(c) states: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Rule 35(c) did not afford the district

3

court jurisdiction in this case because the court did not resentence Skufca within seven days. Rather, the court orally resentenced Skufca eight days after the original sentencing hearing. The fact that the sentence was oral is of no consequence. *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (holding "that sentence is imposed upon a criminal defendant, for purposes of Rule 35(c), when the court orally pronounces sentence from the bench"). Moreover, the revocation of Skufca's original sentence was not based on any arithmetical, technical, or other clear error, but rather on additional evidence at the subsequent sentencing hearing and based on the court's change of heart. According to the Congressional Committee Notes accompanying the 1991 Amendment to Rule 35(c):

> [Section 35(c)] is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed. R. Crim. P. 35, Notes of Advisory Committee on Rules--1991 Amendment, 18 U.S.C.App. 856 (Supp. IV 1992). Thus, the district court's reconsideration was outside the scope of Rule 35(c) and the court lacked jurisdiction to reconsider Skufca's original sentence entered April 26, 1995. *See United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995) (holding that since defendant's

4

"resentencing represented nothing more than a district court's change of heart as to the appropriateness of the sentence, it was accordingly not a correction authorized by Rule 35(c)").

The government argues that this court cannot set aside the ruling because Skufca invited the district court's error by suggesting other alternatives to imprisonment at the May 4, 1995 hearing. *See United States v. Burson*, 952 F.2d 1196, 1203 (10th Cir. 1991). We note, however, that the district court erred by substituting a 24-month sentence for a 12-month sentence. Skufca did not invite this error; he invited only a new or continuing term of supervised release. Moreover, the district court initially adopted Skufca's request; the court created a new term of supervised release and only a year later did the court increase the sentence to 24 months in prison. Thus, Skufca in no way invited the error of the substitution of a higher prison sentence.

We need not address Skufca's second claim that the 24-month sentence was unreasonable and excessive in light of our finding that the district court had no jurisdiction to vacate Skufca's earlier sentence.

For the reasons set forth above, we **REVERSE** the sentence imposed by the United States District Court for the District of Colorado and **REMAND** with instructions to reinstate Skufca's original sentence entered April 26, 1995.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge