F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAHEEM MUHAMMAD, aka Ronald
Lamar Gore,

      Defendant-Appellant.

No. 96-3248
(District of Kansas)
(D.C. No. 96-3163-KHV)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Raheem Muhammad filed in the district court a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582. In his motion, Muhammad claimed that the sentencing court erred in calculating his criminal history points by treating related offenses as separate offenses under U.S.S.G. § 4A1.2, thereby increasing his sentencing range from a proper 51 to 63 months to an improper 63 to 78 months. The district court refused to grant Muhammad the requested relief, holding as follows: (1) it was without jurisdiction to grant any relief under 18 U.S.C. § 3582 because Muhammad's claim that his sentence was improperly calculated did not fit within any of the three specific grounds for correction of a sentence set out in § 3582; and (2) treating Muhammad's *pro se* motion liberally as a 28 U.S.C. § 2255 motion, Muhammad was not entitled to relief because he failed to raise the issue on direct appeal and could show neither cause nor prejudice resulting from the alleged errors. Muhammad appeals.

To the extent that Muhammad appeals the district court's determination that it was without jurisdiction to correct Muhammad's sentence under 18 U.S.C § 3582, this court affirms for substantially the reasons stated by the district court in its Order dated July 8, 1997. *See United States v. Blackwell*, 81 F.3d 945, 947-47 (10th Cir. 1996) (delineating grounds upon which district court could correct sentence under § 3582 and noting that unless it acted pursuant to explicit statutory authority, district court lacked jurisdiction to resentence defendant). To the

extent that Muhammad appeals the district court's refusal to grant him relief pursuant to 28 U.S.C. § 2255, we decline to grant Muhammad a certificate of appealability and dismiss his appeal.

This court is required to examine the appeal of a denial of a § 2255 motion to determine whether the petitioner has made a "substantial showing of the denial of a constitutional right." Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub. L. No. 104-132, 28 U.S.C. § 2253(c). We have held that the standard for granting a certificate of appealability under the Act is the standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Under this standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised by the petitioner are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. *Id*.

A petitioner's failure to raise an issue on direct appeal will bar the petitioner from raising the issue in a § 2255 motion "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). Muhammad has not even attempted to show cause for his failure to raise the issue on direct appeal. More important, however, Muhammad cannot show actual

prejudice or that a fundamental miscarriage of justice would occur if his sentence were not reduced.

Muhammad asserts that the sentencing court improperly considered two of his prior offenses separately and assigned them three criminal history points each when it should have considered the two offenses as related offenses and awarded both a total of three criminal history points because the two offenses were consolidated for sentencing purposes. The problem with Muhammad's argument is that he was arrested for the first offense, a robbery, on August 17, 1981, and the second offense, a forgery, on October 28, 1981. Section 4A1.2 of the United States Sentencing Guidelines sets out instructions for computing criminal history points. Application note 3 in the commentary to § 4A1.2 is dispositive. It provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offenses prior to committing the second offense). **Otherwise**, prior sentences are considered related if they resulted from offenses that . . . (3) were consolidated for trial and sentencing.

Thus, the commentary plainly provides that sentences from offenses that were consolidated for trial and sentencing are considered related **unless** they were separated by an intervening arrest. Because Muhammad's forgery conviction was separated from his robbery conviction by an intervening arrest, those offenses cannot be treated as related under U.S.S.G. § 4A1.2.

Because the district court's resolution of Muhammad's claim is not deserving of further proceedings, this court declines to grant him a certificate of appealability and dismisses his appeal.

To the extent that Muhammad appeals the district court's resolution of this case under 18 U.S.C. § 3582, the judgment of the United States District Court for the District of Kansas is hereby **AFFIRMED**. To the extent that Muhammad appeals the district court's denial of relief under 28 U.S.C. § 2255, this court declines to grant Muhammad a certificate of appealability and **DISMISSES** the appeal.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge