[NOT FOR PUBLICATION]



No. 97-1240

UNITED STATES OF AMERICA,

Appellee,

v.

MATTHEW ZSOFKA,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]



Before

Selya and Lynch, Circuit Judges,

and Pollak*, Senior District Judge.



F. Michael Keefe and  Jennifer R. Jones on brief for appellant.
Paul  M.  Gagnon, United States Attorney, Mark  D.  Seltzer,
Director, New England Bank Fraud Task Force, and Paul J. Andrews,
Trial Attorney, New England Bank Fraud Task Force, on brief for the
United States.
Joan  McPhee, Heidi  Goldstein  Shepherd, and Ropes  &  Gray on
brief for Dime Savings Bank.

August 5, 1997


*Of the Eastern District of Pennsylvania, sitting by designation.

Per Curiam . Having carefully reviewed the record in this

matter, we are fully persuaded that the district court lacked

jurisdiction to grant the relief requested by the appellant in his

initial motion. Consequently, this appeal must be dismissed. We

explain briefly.

In general, federal courts are courts of limited

jurisdiction. In particular, a district court's authority to

revise a criminal defendant's sentence is restricted to those

specific instances in which Congress has granted jurisdiction.  See

United  States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996);

United States v. Angiulo, 57 F.3d 38, 41 (1st Cir. 1995).

In this instance, the appellant has not identified any

statute or rule conferring jurisdiction upon the district court to

hear and determine his motion to amend sentence (which was filed

more than three years after the imposition of sentence). Nor has

he identified any other plausible basis on which such jurisdiction

might be predicated. Instead, he tries to premise jurisdiction

over his motion on "the ongoing equity jurisdiction of [the

district] court." See Appellant's Reply Brief at 6. This effort

is unavailing; the appellant cites no pertinent authority in

support of the proposition and, as a general principle, federal

We emphasize that the appellant has resolutely refused to
characterize the motion in question which he terms a motion to
amend sentence as a motion for relief under 28 U.S.C. S 2255
(1994). In point of fact, the appellant did bring a separate
section 2255 petition advancing substantially the same argument.
The district court denied the petition on October 21, 1996, and an
appeal of that ruling is presently pending in this court (No. 96-
2365). We take no view of that appeal in this proceeding.

2

courts have no "equity jurisdiction" in criminal cases.

That ends the matter. Because the district court lacked

jurisdiction to hear and determine the motion to amend sentence,

the court's order in respect thereto was a nullity, as were the

court's ensuing orders in regard to the various motions for

reconsideration and intervention.

We need go no further. The defendant's appeal is

summarily dismissed. See 1st Cir. R. 27.1.

Appeal dismissed . All parties will bear their own costs .

The fact that the district court purported to act is of no
moment. A jurisdictional defect of this kind may be noticed at any
time. See Fed R. Crim. P. 12(b)(2); see also United  States v.
DiSanto, 86 F.3d 1238, 1244 (1st Cir. 1996) (reaffirming that the
district court's supposed lack of jurisdiction may be raised for
the first time on appeal), cert. denied, 117 S. Ct. 1109 (1997).

3