USCA1 Opinion

 

 [NOT FOR PUBLICATION] _________________________ No. 97-1240 UNITED STATES OF AMERICA, Appellee, v. MATTHEW ZSOFKA, Defendant, Appellant. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge] __________________________ Before Selya and Lynch, Circuit Judges, and Pollak*, Senior District Judge. __________________________ F. Michael Keefe and  Jennifer R. Jones on brief for appellant. Paul  M.  Gagnon, United States Attorney, Mark  D.  Seltzer, Director, New England Bank Fraud Task Force, and Paul J. Andrews, Trial Attorney, New England Bank Fraud Task Force, on brief for the United States. Joan  McPhee, Heidi  Goldstein  Shepherd, and Ropes  &  Gray on brief for Dime Savings Bank. August 5, 1997 __________________________________ *Of the Eastern District of Pennsylvania, sitting by designation. Per Curiam . Having carefully reviewed the record in this matter, we are fully persuaded that the district court lacked jurisdiction to grant the relief requested by the appellant in his initial motion. Consequently, this appeal must be dismissed. We explain briefly. In general, federal courts are courts of limited jurisdiction. In particular, a district court's authority to revise a criminal defendant's sentence is restricted to those specific instances in which Congress has granted jurisdiction.  See United  States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Angiulo, 57 F.3d 38, 41 (1st Cir. 1995). In this instance, the appellant has not identified any statute or rule conferring jurisdiction upon the district court to hear and determine his motion to amend sentence (which was filed more than three years after the imposition of sentence). Nor has he identified any other plausible basis on which such jurisdiction might be predicated. Instead, he tries to premise jurisdiction over his motion on "the ongoing equity jurisdiction of [the district] court." See Appellant's Reply Brief at 6. This effort is unavailing; the appellant cites no pertinent authority in support of the proposition and, as a general principle, federal  We emphasize that the appellant has resolutely refused to characterize the motion in question which he terms a motion to amend sentence as a motion for relief under 28 U.S.C. S 2255 (1994). In point of fact, the appellant did bring a separate section 2255 petition advancing substantially the same argument. The district court denied the petition on October 21, 1996, and an appeal of that ruling is presently pending in this court (No. 96- 2365). We take no view of that appeal in this proceeding. 2 courts have no "equity jurisdiction" in criminal cases. That ends the matter. Because the district court lacked jurisdiction to hear and determine the motion to amend sentence, the court's order in respect thereto was a nullity, as were the court's ensuing orders in regard to the various motions for reconsideration and intervention. We need go no further. The defendant's appeal is summarily dismissed. See 1st Cir. R. 27.1. Appeal dismissed . All parties will bear their own costs .  The fact that the district court purported to act is of no moment. A jurisdictional defect of this kind may be noticed at any time. See Fed R. Crim. P. 12(b)(2); see also United  States v. DiSanto, 86 F.3d 1238, 1244 (1st Cir. 1996) (reaffirming that the district court's supposed lack of jurisdiction may be raised for the first time on appeal), cert. denied, 117 S. Ct. 1109 (1997). 3