**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-7066

RICHARD DARIN PIERCE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-92-285-G)

Submitted: June 30, 1997

Decided: August 19, 1997

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Darin Pierce, Appellant Pro Se. Lisa Blue Boggs, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Pierce was convicted of possession with intent to distribute over five hundred grams of cocaine in violation of 21 U.S.C. § 841 (1994). Pierce brought a Fed. R. Crim. P. 35(b) motion in the district court seeking to enforce an agreement he alleges that he made with the Government for his cooperation in an investigation.

The facts regarding Pierce's claim are taken from his motion. The Government was not directed to respond to the motion. After Pierce's conviction, but during the pendency of his appeal, the Drug Enforcement Administration (DEA) approached Pierce's trial counsel and sought Pierce's assistance on an unrelated matter. The U.S. Attorney's Office for the Eastern District of Pennsylvania interceded and reiterated the DEA's request for assistance in the unrelated investigation.

An oral agreement was reached between the Eastern District of Pennsylvania and the U.S. Attorney's Office in Greensboro, North Carolina, the office that prosecuted Pierce. The alleged agreement was that if Pierce provided substantial assistance in the investigation, North Carolina Assistant U.S. Attorney (AUSA) Boggs would bring Pierce's substantial assistance to the attention of the district court in a Rule 35(b) motion. Pierce subsequently agreed to participate in the investigation. Allison Burroughs, a Pennsylvania AUSA involved in the investigation, wrote a letter to AUSA Boggs acknowledging that Pierce provided information that led to the capture of a fugitive and that Pierce provided truthful and accurate information. AUSA Boggs did not file a Rule 35(b) motion in compliance with the oral agreement.

Pierce did not learn of AUSA Burroughs' letter to AUSA Boggs until March 21, 1996. On May 16, 1996, Pierce filed a motion entitled "Motion for reduction of sentence, nunc pro tunc, pursuant to Fed. R. Crim Pro. [sic] 35." The motion for reduction of sentence seeks to enforce the agreement. The district court denied the motion and dismissed the action without prejudice because Pierce made the motion

2

instead of the Government, as is required by Rule 35. Pierce timely noted an appeal.

A district court has authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy when the refusal was based upon an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 184-85 (1992). Even when there is no written plea agreement incorporating a Rule 35(b) agreement, the district court may review the decision not to move for downward departure. See id. at 185; United States v. Maddox, 48 F.3d 791, 796 (4th Cir. 1995).

While Pierce has a right to prove that an agreement existed and that the Government breached it, he cannot bring the motion under Rule 35(b). Rule 35(b) states that the motion must be made by the Government. See Fed. R. Crim. P. 35(b). A defendant may not invoke Rule 35(b) to move the court to reduce his sentence. The district court does not have the authority to reduce a defendant's sentence under the rule when it is made by the defendant. See United States v. Blackwell, 81 F.3d 945, 948 (10th Cir. 1996).*

An alternative method of collateral attack on sentences imposed as a result of a conviction in federal court is provided by 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). The Supreme Court has recognized that § 2255 can be utilized as a method to set aside a sentence so that a prisoner may be properly resentenced. See Andrews v. United States, 373 U.S. 334, 339-40 (1963). The Supreme Court has recognized that § 2255 relief may be claimed on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, and (4) the sentence is otherwise subject to collateral attack. See Hill v. United States, 368 U.S. 424, 426-27 (1962). We believe

_____

*In his brief, Pierce cites United States v. Pinter, 971 F.2d 554 (10th Cir. 1992), as authority that a district court may entertain a Rule 35(b) motion brought by the defendant. Pinter moved for a reduction of sentence under the former Rule 35 and the motion was applicable only to offenses committed prior to November 1, 1987. Pinter, 971 F.2d at 556 n.3. Pinter, therefore, is not persuasive.

3

that if Pierce's allegations are true, his sentence may be subject to collateral attack.

We hold that Pierce's motion should have been construed as a § 2255 motion by the district court. We remand the case to the district court to consider as a § 2255 motion and to direct the Government to respond to Pierce's claims. We deny Pierce's motion to expedite briefing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4