**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2005**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN TERRY BURRIDGE,

Defendant-Appellant.

No. 03-4099
(D.C. No. 2:97-CR-158-TC)
(Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

John Terry Burridge pled guilty to two counts of wire fraud in violation of

18 U.S.C. § 1343. The district court sentenced him to 33 months imprisonment

followed by 36 months supervised release. The court also imposed a $10,000 fine

and ordered Mr. Burridge to pay restitution in the amount of $7,769. We affirmed

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Burridge's sentence on direct appeal. *See United States v. Burridge*, 191 F.3d 1297 (10th Cir. 1999).

Mr. Burridge filed a motion to modify his sentence titled "Motion for Waiver of Fine" on March 20, 2003. The district court denied Mr. Burridge's motion, holding that the district court lacked inherent authority to modify a criminal fine or term of imprisonment. Mr. Burridge subsequently filed a "Motion to Clarify that No Interest Is Applicable to Fine." In response, the district court entered an order indicating that the United States Attorney's Office would no longer collect interest on Mr. Burridge's fine and then denied Mr. Burridge's motion as moot. Mr. Burridge appeals, challenging the district court's denial of his Motion for Waiver of Fine and the related decision on his Motion to Clarify that No Interest Is Applicable to Fine. For the reasons stated below, we affirm.[1]

We review *de novo* the district court's legal determination that it lacked jurisdiction to modify Mr. Burridge's sentence. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

_____

[1] We have jurisdiction of this appeal pursuant to the district court's order of May 26, 2004, finding excusable neglect and good cause for Mr. Toliver's failure to file a timely appeal.

Because Mr. Burridge's motion for sentence reduction was neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely upon [18 U.S.C. § 3582(c)]." *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c); *see Blackwell*, 81 F.3d at 947-48. First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." *Id*. § 3582(c)(2).

Mr. Burridge contends the district court had jurisdiction to modify his sentence under the second exception. Specifically, he claims the court could modify his sentence pursuant to "18 U.S.C. § 3742, Federal Rule of Criminal Procedure 35(a), and other legal provisions of statutory and case law." Aplt. Br. at 2. We are not persuaded. By its terms, § 3742 does not grant jurisdiction to a district court to review a final sentence. *United States v. Auman*, 8 F.3d 1268, 1270-71 (8th Cir. 1993). This section merely permits a defendant to file in

-3-

district court a notice of appeal to the court of appeals for review of a final sentence. Once a notice of appeal has been filed, the district court's only role is to certify the record to the court of appeals. 18 U.S.C. § 3742(d).

Furthermore, to the extent that Congress codified the district court's inherent power to correct certain sentencing errors in Federal Rule of Criminal Procedure 35(a), it provided a strict seven-day time restriction for the court to do so. Fed. R. Crim. P. 35(a) ("Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"); *Blackwell*, 81 F.3d at 949.[2] Mr. Burridge's motions were not brought within seven days of the imposition of his sentence. Because Mr. Burridge has failed to show his motion meets the criteria of § 3582(c)(1)(B), we conclude the district court had no inherent authority to resentence him in the instant case.

Mr. Burridge next claims the United States Attorney's Office continues to charge interest on his fine and restitution and asks this court for "an Order to the United States Attorney to correct their billing procedures to eliminate all interest." Aplt. Br. at 6. As a general rule, this court has jurisdiction over only

---

[2]"The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." Fed. R. Crim. P. 35 advisory committee's note (1991 Amendments).

final orders, those that "'end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quotation omitted); 28 U.S.C. § 1291. The district court has entered an order indicating that the United States Attorney's Office is no longer entitled to collect interest on Mr. Burridge's fine. Therefore, an action to enforce this ruling is properly brought before the district court should it be necessary.[3] Accordingly, we deny Mr. Burridge's request for an enforcement order.

Mr. Burridge's other contentions are largely identical to his arguments on direct appeal. In fact, the only appreciable difference between Mr. Burridge's direct appeal and the instant appeal is his argument based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). According to Mr. Burridge, the district court improperly enhanced his sentence based on an "unreasonable and inaccurate" calculation of loss, a "fine imposed contrary to the recommendation of the presentence report and unlikely to be able to be paid," and "restitution to a party for completely passive acts." Aplt. Supp. Br. at 2. New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. *Griffith v. Kentucky*, 479 U.S. 314, 328

---

[3] In its brief on appeal, the government asserts it has corrected a clerical error pursuant to which interest was continuing to accrue and declares that "interest will no longer be assessed on either the fine or restitution." Aple. Br. at 7 n.1.

(1987). Mr. Burridge exhausted his direct appeal and his case was final prior to the Supreme Court's decision in *Blakely*. *See id.* at 321 n.6 (a case is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Thus, *Blakely*, as well as the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), have no applicability to Mr. Burridge's sentence. *See United States v. Price*, No. 04-7058, 2005 WL 535361 (10th Cir. filed March 8, 2005).

For the foregoing reasons, the district court's denial of Mr. Burridge's motions are **AFFIRMED**.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge