**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TANYA JONES,

Defendant - Appellant.

No. 12-3335
(D.C. No. 2:08-CR-20160-KHV-9)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Defendant Tanya Jones, a federal prisoner proceeding pro se, appeals the denial by the United States District Court for the District of Kansas of her motion to modify her sentence. Because the district court lacked jurisdiction under 18 U.S.C. § 3582(c), we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A federal grand jury charged Defendant in three counts of a nine-count superseding indictment: one count of conspiracy to distribute 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846; one count of distributing five or more grams of methamphetamine, *see id.* § 841(a)(1), (b)(1)(B)(viii)*;* and one count of possessing with intent to distribute five or more grams of methamphetamine, *see id.*

In November 2009 Defendant entered into a plea agreement under which she would plead guilty to the conspiracy count and the government would move to dismiss the other two counts. On March 15, 2011, the district court entered an amended judgment sentencing Defendant to 70 months' imprisonment. She did not appeal the sentence.

On November 9, 2012, Defendant filed a "Motion for Downward Departure to Include Sentence Modification." R., Vol. I at 39. She requested that her sentence be reduced by 12 months based on her postsentencing rehabilitation efforts. The district court denied the motion. Although it "commend[ed] [D]efendant's participation and apparent success in many prison programs," *id.* at 65 n.1, it ruled that it lacked jurisdiction to resentence Defendant. Defendant appeals the denial of the motion.

"We review de novo the district court's legal determination that it [lacked] jurisdiction to modify Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "Federal courts are courts of limited jurisdiction.

Congress has authorized the federal courts to modify a sentence only in limited circumstances." *Id.* at 946 (citation and internal quotation marks omitted). District courts have no inherent authority to resentence defendants. *See id.* at 949. "Because [Defendant's] motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [her] motion depends entirely on 18 U.S.C. § 3582(c)." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (brackets and internal quotation marks omitted).

Section 3582(c) authorizes courts to modify a sentence of imprisonment under three circumstances: (1) when the Director of the Bureau of Prisons (BOP) moves to reduce the sentence for certain reasons, *see* 18 U.S.C. § 3582(c)(1)(A); (2) when modification is permitted under Fed. R. Crim. P. 35 (to promptly correct a clear error or to reduce the sentence for substantial assistance), *see id.* § 3582(c)(1)(B); and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced, *see id.* § 3582(c)(2). None of these circumstances exist here. The BOP has not moved to reduce Defendant's sentence. Nor does Rule 35 authorize the reduction Defendant seeks. And Defendant has identified no postsentencing reduction of the guidelines range under which she was sentenced. Therefore, the district court correctly ruled that it lacked jurisdiction to reduce Defendant's sentence.

Defendant relies on laws that lower the applicable guidelines range, *see* USSG § 3E1.1 (reduction in offense level for acceptance of responsibility), or

that authorize the court to impose a term of imprisonment below the minimum guidelines term, *see* 18 U.S.C. § 3553(a) (factors to be considered in imposing sentence); USSG § 5K2.0 (departures from guidelines range). None of these authorities, however, permit a district court to reduce a valid sentence that it has already imposed. Defendant also directs us to *Pepper v. United States*, 131 S. Ct. 1229, 1236 (2011), which held that *when a defendant's sentence has been set aside on appeal*, a court at resentencing may consider evidence of postsentencing rehabilitation. But *Pepper* does not suggest that a court can resentence a defendant in the absence of an appellate decision invalidating the original sentence.

We AFFIRM the district court's denial of Defendant's Motion for Downward Departure to Include Sentence Modification. We grant Defendant's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge