**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

v.

KIM PEREIRA,

       Defendant – Appellant.

No. 13–6179
(D.C. No. 5:09-CR-00305-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Kim Pereira, a federal prisoner proceeding pro se, appeals the denial by the United States District Court for the Western District of Oklahoma of his motion to reconsider his sentence. Because the district court lacked jurisdiction to grant Pereira's requested relief under 18 U.S.C. § 3582(c), we affirm.

In October of 2009, a federal grand jury returned an indictment charging Pereira with twelve separate counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). Pereira pleaded guilty to Count 8 of the indictment and the government agreed to drop the other charges. On September 8, 2010, the district court sentenced Pereira to 240 months in prison—the statutory maximum. Pereira did not appeal.

---

[*] This case is submitted on the briefs because the parties waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

Nearly three years after the entry of judgment, on July 15, 2013, Pereira filed a "Motion to Reconsider Sentencing," in which he sought to have his sentence reduced by 80 months. Pereira argued this reduction was justified because the district court had failed to consider various factors at sentencing and because the district court had unfairly refused to grant him a reduction based on acceptance of responsibility. The district court denied the motion, concluding that it lacked jurisdiction to reduce Pereira's sentence. This time, Pereira appealed. He claims the district court should not have denied his motion, a challenge we review *de novo*. *See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996) ("We review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence.")

There is no question that federal courts lack inherent authority to modify a previously-imposed sentence. Instead, "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (quoting *Blackwell*, 81 F.3d at 947). We have held that the viability of a motion for sentence reduction that is "not a direct appeal or collateral attack under 28 U.S.C. § 2255 . . . depends entirely on 18 U.S.C. § 3582(c)."[1] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (brackets and internal quotation marks omitted).

"Section 3582(c) authorizes courts to modify a sentence of imprisonment under three circumstances: (1) when the director of the Bureau of Prisons (BOP) moves to

---

[1] Like the district court, we do not construe Pereira's motion as a collateral attack under § 2255. Such a motion would be time-barred in any event. *See* 28 U.S.C. § 2255(f)(1).

reduce the sentence for certain reasons, *see* 18 U.S.C. § 3582(c)(1)(A); (2) when modification is permitted under Fed. R. Crim. P. 35 (to promptly correct a clear error or to reduce the sentence for substantial assistance), *see* 18 U.S.C. § 3582(c)(1)(B); and (3) when the Sentencing Commission has reduced the applicable guidelines range after the defendant was sentenced, *see id.* § 3582(c)(2)." *United States v. Jones*, 515 F. App'x 783, 784 (10th Cir. 2013). The BOP did not move to reduce Pereira's sentence and Pereira has not identified any post-sentencing reduction of the applicable guidelines range. Rule 35 also does not authorize the reduction Pereira seeks; there is no indication of "clear error" on the record, *see* Fed. R. Crim. P. 35(a), and the government did not move for a reduction based on substantial assistance, *see* Fed. R. Crim. P. 35(b). The district court was therefore correct in concluding that none of the circumstances enumerated by section 3582 existed here.

Pereira cites to three other statutes in support of his motion. First, he cites to 18 U.S.C. § 3582(b)(3), which provides that a judgment of conviction that includes a sentence of imprisonment is a "final judgment," but that such a sentence may be "appealed and modified." Second, he cites to 18 U.S.C. § 3742(e), which sets forth the pre-*Booker* appellate standards of review. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (recognizing that the Supreme Court "excised" section § 3742(2) and that the "proper standard of review for sentences imposed post-*Booker* is reasonableness.") And third, Pereira cites to 18 U.S.C. §3553(a)(1), which lists the "factors to be considered in imposing a sentence." None of these authorities permit a district court to reduce a valid sentence that the defendant never appealed.

We therefore AFFIRM the district court's order denying Pereira's Motion to Reconsider Sentencing. We grant Pereira's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge