16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Mervin SIDES, Defendant-Appellant.
 No. 93-5101.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, HOLLOWAY, and TACHA, Circuit Judges.
 
 
 1
 Eugene Mervin Sides appeals from the district court's order granting the Government's Motion to Correct Judgment pursuant to Fed.R.Crim.P. 36.
 
 
 2
 Sides contends that: (1) the denial of his request to attend the hearing on the Government's Rule 36 motion deprived him of due process of law, and (2) the correction of the written order of judgment and sentence is not authorized by Rule 36. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Sides was sentenced on April 12, 1990, to two concurrent terms of life imprisonment, restitution in the amount of $5,845.11, and a special assessment of $100, for the murders of Buck and Maude Cheshewalla, an elderly couple who lived on allotted Indian land in Oklahoma. A co-defendant charged with the same murders was also convicted in a separate jury trial after a severance was granted. At sentencing, the district court unambiguously sentenced Sides to pay restitution, stating:
 
 
 4
 Restitution will also be imposed here in the amount of $5,845.11 that should be paid to Joseph Cheshewalla, Jr., in care of Bill Heskett, attorney at law, 304 First National Bank Building, Pawhuska, Oklahoma.
 
 
 5
 Transcript (4/12/90) at 13, lines 11-14. Thus, the district court did not place any conditions on the payment of restitution, nor did the court order it to be paid in installments or within a specified period of time. If restitution is not ordered in installments or within a specified period, it "shall be made immediately." 18 U.S.C. 3663(f)(3).
 
 
 6
 The district court specifically found that Sides was not eligible for probation under the Sentencing Guidelines. Id. at 11, lines 20-21. In addition, the court noted that Sides "should never be released from this day forward." Id. at 13-14. The district court also ordered supervised release for five years, in the event that Sides was ever released from the penitentiary. Id. at 12-13.
 
 
 7
 However, the written Judgment and Sentence Order of April 12, 1990, and the Amended Judgment and Sentence Order of April 30, 1990, inadvertently added the condition that the restitution was to be paid as directed by the U.S. Probation Office. It stated:
 
 
 8
 Restitution in the amount of $5,845.11 is to be paid as directed by the U.S. Probation Office to Joseph Cheshewalla, Jr., in care of Bill Heskett, Attorney-At-Law, 304 First National Bank Building, Pawhuska, Oklahoma 74056.
 
 
 9
 (Emphasis added.) This additional condition is in direct conflict with the oral pronouncement of the sentence, since Sides was sentenced to spend the rest of his life in prison and would never come under the direction of the U.S. Probation Office.
 
 
 10
 Almost three years after Sides was sentenced, the Government moved the court on February 9, 1993, to correct the written judgment and sentence by eliminating this additional condition. The defendant argues that he was entitled to be present at the hearing on the motion and that the correction improperly makes the sentence harsher than it was before the correction.
 
 
 11
 * A district court's order granting or denying a Rule 36 motion will not be set aside unless it is clearly erroneous. United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985).
 
 
 12
 The sentence in a federal criminal case is the punishment imposed orally by a sentencing judge in a defendant's presence. United States v. Villano, 816 F.2d 1448, 1453 (10th Cir.1987). The written judgment and commitment order is not the sentence. Id. Therefore, an orally pronounced sentence controls over a judgment and commitment order when the two conflict. United States v. Corey, 999 F.2d 493, 496 (10th Cir.), cert.denied, 114 S.Ct. 574 (1993). When such a conflict arises, the proper remedy is for the district court to correct the error in the written judgment pursuant to Fed.R.Crim.P. 36. Id. at 497. See also Cook v. United States, 426 F.2d 1358, 1360 (5th Cir.), cert. denied, 398 U.S. 932 (1970).
 
 
 13
 At sentencing, the district court did not order Sides to pay restitution "as directed by the Department of Probation." The inclusion of such a requirement in the written judgment and commitment order was a clerical mistake. Therefore, correction of that mistake was appropriate under Rule 36, which provides:
 
 
 14
 Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.
 
 
 15
 Sides argues that Rule 36 is not applicable because (1) the mistake in the judgment was not made by a clerk; and (2) the written order contained an additional provision, which could not be either an oversight or an omission, as required by the rule. Both of these arguments are without merit. First, the Rule's reference to a clerical mistake is not necessarily confined to one committed by a clerk. See Pattiz v. Schwartz, 386 F.2d 300, 303 (8th Cir.1968) (examining the meaning of "clerical mistake" in Fed.R.Civ.P. 60(a)). Second, the inclusion of an error in a judgment may arise from oversight, just as an erroneous omission may arise from oversight. In either case, Fed.R.Crim.P. 36 is the proper means of correcting the error.
 
 II
 
 16
 Sides requested that he be transported to attend the hearing of the Government's Rule 36 motion to correct judgment. It is established that "[s]entencing should be conducted with the judge and defendant facing one another and not in secret." Villano, 816 F.2d at 1452. The district court recognized, however, that a defendant does not have a constitutional right to be present at a hearing on a Rule 36 motion, although it has been held that the better practice would be to have the defendant present when correcting clerical errors. Cook v. United States, 426 F.2d at 1360. The court considered the risk and cost of transporting Sides to Tulsa for the purpose of attending the hearing and concluded that such transportation was "extreme and unnecessary."
 
 
 17
 In light of the fact that Sides had been convicted of two counts of first degree murder, admitted committing four more murders and "70 some odd robberies," and had made previous attempts to escape from custody, there would have been considerable risk involved in transporting him to the hearing. Because Sides was allowed to attend telephonically and be represented by counsel at the hearing, his interests were adequately protected. Therefore, we agree with the trial court that the risk and cost of transporting him was unnecessary.
 
 CONCLUSION
 
 18
 For these reasons, we AFFIRM the trial court's order denying Sides' motion to attend the hearing as well as its order correcting the Amended Judgment and Sentence to conform to the oral pronouncement of sentence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470