**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bill Gene SIMON, Defendant– Appellant.**

**No. 01–3337.**

United States Court of Appeals, Tenth Circuit.

June 11, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f). The case is therefore submitted without oral argument.

Mr. Simon was sentenced to a term of 120 months of imprisonment for possession of pseudoephedrine and intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2. Upon imprisonment, Mr. Simon's security classification was increased because of a domestic battery conviction in 1997 outlined in his presentence report, pursuant to Program Statement 5100.07, Security Designation and Custody Classification Manual, Table 8–5. The current dispute surrounds the presentence report.

Although Mr. Simon pled guilty to the disorderly conduct charge in 1997 (originally charged as domestic battery), he now seeks to modify the presentence report's statement of the factual basis for his conviction because he feels that it overstates his criminal history. While the presentence report does not affect the length of his sentence, it does make him ineligible for early release upon completion of drug treatment. Mr. Simon filed this motion to correct the presentence report pursuant to Fed.R.Crim.P. 36 which provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

time and after such notice, if any, as the court orders." The district court denied Mr. Simon's requests for correction of the presentence report in two separate orders. Mr. Simon appeals the district court's denial.

The standard for review of Rule 36 motions is not settled. *See United States v. Hayden,* 10 Fed.Appx. 647, 649 (10th Cir. Kan.2001) (unpublished disposition) (abuse of discretion); *see also United States v. Sides,* 1994 WL 38640, *2 (10th Cir.1994) (unpublished disposition) (clearly erroneous). However, resolution of this appeal does not require us to address the proper standard of review pursuant to Rule 36 challenges.

The district court denied Mr. Simon's motion because the court did not find that the presentence report contained erroneous information. Rule 36 motions apply to clerical errors only and are not the proper vehicle to challenge the substance of the information in a presentencing report. The alleged errors are not "clerical" errors within the meaning of Rule 36.

After a thorough review of the briefs and the record, we affirm the district court's denial of Mr. Simon's motion to correct the presentence report.

AFFIRMED.