FILED
United States Court of Appeals
Tenth Circuit

January 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TUYEN VU NGO,

    Defendant - Appellant.

No. 08-6186
(D.C. No. 07-CV-01114-L)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Tuyen Vu Ngo, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. Because we determine that he has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny his request for a COA and dismiss the appeal.

Mr. Ngo was convicted of one count of possession of methylenedioxymethamphetamine ("MDMA"), a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of conspiracy

to possess with intent to distribute MDMA in violation of 21 U.S.C. § 846. He was sentenced to 240 months on each count to run concurrently, and three years' supervised release on each count, also to run concurrently. R. Doc. 216 at 2-3. Mr. Ngo appealed, but this court affirmed his conviction. See United States v. Tuyen Vu Ngo, 226 F. App'x 819, 826 (10th Cir. 2007) (unpublished opinion).

Subsequently, Mr. Ngo filed a § 2255 motion asserting (1) that the search of his vehicle violated the Fourth Amendment, (2) that his counsel was ineffective at both the trial and appellate level, and (3) that his knowledge of English was so limited that it impaired his ability to communicate with his counsel and the court. R. Doc. 233. The district court denied Mr. Ngo's § 2255 motion, finding that his first and third grounds were barred because they should have been raised on direct appeal and that his second ground failed because Mr. Ngo could not establish prejudice and because counsel actually provided "vigorous, effective representation." United States v. Tuyen Vu Ngo, No. CIV-07-1114-L, 2008 WL 3834397, at * 2-3 (W.D. Okla. Aug. 12, 2008). In seeking a COA from this court, Mr. Ngo only argues that his counsel provided ineffective assistance.

Mr. Ngo argues that he was provided ineffective assistance because (1) prior to trial, counsel failed to interview certain witnesses and secure their presence at the suppression hearing; (2) at trial, counsel failed to call certain individuals as witnesses, failed to effectively cross-examine a cooperating defendant, and did not present the defense that Ngo was an unwitting participant;

(3) at sentencing, counsel failed to argue for a reduced sentence based on sentencing disparity; and (4) on direct appeal, counsel failed to argue that he had provided ineffective assistance. Because the district court addressed the merits of these claims in rejecting Mr. Ngo's § 2255 motion, we will only grant a COA if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Here, no reasonable jurist would find the district court's assessment of these claims to be debatable.

To succeed on an ineffective assistance claim, Mr. Ngo must demonstrate deficient performance by counsel, and resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the pre-trial conduct of counsel, Mr. Ngo suffered no prejudice from the fact that certain additional police witnesses did not testify at the suppression hearing. The key facts were developed because, as is customary, the government called the two officers who actually conducted the stops and initial searches to testify at the suppression hearing. See 1/5/2006 Tr. at 10-13, 129-36. Although Mr. Ngo argues that more law enforcement officers could have been called, such an unusual tack seems more likely to support the government's case than his own. Moreover, the alleged information these witnesses would have provided—"that Ngo evinced no evidence of guilt whatever"—does not address the main issue of whether the initial stop of the vehicles was justified. Furthermore, the trial judge complimented all counsel

after arguments on the suppression motions, remarking that "this is not an open and clearcut matter" given the "very persuasive and good arguments" by counsel. Id. at 314.

Similarly, counsel's conduct at trial did not prejudice Mr. Ngo. He has made no showing that there is a reasonable probability of a different trial outcome had there been such testimony. See Strickland, 466 U.S. at 694. And, contrary to Mr. Ngo's position, counsel adequately cross-examined the cooperating defendant at trial about his favorable treatment by the government, see 3/23/2006 Tr. at 306-07, and did argue that the government had to show that Mr. Ngo actively participated in the crime, as opposed to merely being present, see 3/26/2006 Tr. at 416-17.

Mr. Ngo also has not demonstrated a reasonable probability that his sentence would have been different but for counsel's performance. Counsel argued the relative culpability of the participants, and the district court did consider the disparate sentences of the other participants, distinguishing a lesser sentence given to a codefendant on the basis of Mr. Ngo's greater criminal history and the codefendant's plea and acceptance of responsibility. 7/10/2006 Tr. at 3-4, 8-9, 11.

Finally, counsel did not provide ineffective assistance by failing to argue his own ineffectiveness on direct appeal. Such claims should be brought in collateral proceedings, and are "presumptively dismissable" if brought on direct

appeal.  <u>See</u> <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995).

Accordingly, we DENY a COA, DENY IFP status, and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge