**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

PETER ANTHONY GUTIERREZ,

　　Defendant - Appellant.

No. 10-5086
(D.C. No. 4:95-CR-00152-TCK-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

　　Defendant-Appellant Peter Anthony Gutierrez, a federal inmate appearing pro se, appeals from the district court's denial of his motion to correct an error in his judgment and sentence. Fed. R. Crim. P. 36. He contends that his federal sentence should run concurrently with his later-imposed state sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

In 1996, Mr. Gutierrez pleaded guilty to possession of firearms after a felony conviction (count one) and possession of stolen firearms (count two). 1 R. 19. In September 1996, the district court sentenced Gutierrez to imprisonment for consecutive terms of 120 months on count one and 115 months for count two, totaling 235 months. 1 R. 19. The following month, a state judge sentenced Mr. Gutierrez to five years imprisonment for knowingly concealing stolen property and stated that his state sentence should run concurrently to his previously imposed federal sentence. 1 Supp. R. 18. Apparently Mr. Gutierrez began serving his state sentence, was paroled on the state of Oklahoma conviction in 1998, then began serving his federal sentence. 1 Supp. R. 24, 32. Mr. Gutierrez appealed his federal sentence (but not on the grounds he now raises) and we affirmed. United States v. Gutierrez, 1997 WL 375342 (10th Cir. July 8, 1997) (unpublished).

Mr. Gutierrez has previously attempted to challenge the consecutive operation of his federal and state sentences, first in a 2005 motion to amend the judgment and then in a 2010 letter to the court, both of which were dismissed for lack of jurisdiction. 1 Supp. R. 31-34; 1 Supp. R. 45-46. On June 7, 2010, Mr. Gutierrez filed the instant Rule 36 motion contending the district court intended that his federal and states sentences be served concurrently and that the omission of this intent from the record was a clerical error to be corrected. 1 R. 40. The

- 2 -

district court denied this motion on July 1, 2010.  1 R. 40.  This appeal followed.

Discussion

Under 18 U.S.C. § 3584(a), terms of imprisonment imposed at different times run consecutively absent the court ordering concurrent terms.  United States v. Williams, 46 F.3d 57, 59 (10th Cir. 1995) (citation omitted).  "[T]he determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'"  United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008) (quoting Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991)).

Mr. Gutierrez asserts that a statement made by the federal sentencing judge demonstrates the intention of the federal court that his federal and state sentences run concurrently.  Aplt Br. 4.  But the statement in question, as the district court explained, 1 R. 40, was not made in regard to the duration of the sentence imposed but rather followed imposition of the sentence and responded to defense counsel's concern that Mr. Gutierrez receive credit for time served:

> Mr. Bryant: Your Honor, I'm not sure if the Court record reflects this or maybe Mr. Burton can help us out on this.  Mr. Gutierrez was originally–and I apologize for bringing this up at the last minute, but Mr. Gutierrez was originally charged in state court and then he was eventually indicted in federal court.  At some point, his custody was removed from state custody over to federal custody and I just want to make sure that he gets credit for all of the time he

- 3 -

has been in federal custody.

Mr. Kirkpatrick: Your Honor, that's a determination to be made by the Bureau of Prisons. We're [confident] he will get credit for every day he served.

The Court: Well, it is a determination to be made by the Bureau of Prisons, but I would certainly, for whatever good it may do, whatever–to what extent they would listen to me, it's obvious that all of this time should be credited if these were the same charges and he's been in custody over these same charges, both in state and federal and it should all count.

2 Supp. R. 110-11.

We have yet to determine the standard of review for Rule 36 motions. See United States v. Simon, 36 Fed. App'x 415, 416 (10th Cir. 2002) (unpublished) (citing United States v. Hayden, 10 Fed. Appx. 647, 649 (10th Cir. 2001) (unpublished); United States v. Sides, 1994 WL 38640, *2 (10th Cir. Feb. 10, 1994) (unpublished)). Regardless, Rule 36 does not empower a court to substantively modify a sentence. United States v. Blackwell, 81 F.3d 945, 948 n.3 (10th Cir. 1996). Accordingly, the district court did not err in denying the motion.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.

- 4 -