**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TUYEN VU NGO,

      Defendant - Appellant.

No. 14-6024
(D.C. No. 5:05-CR-00168-L-4)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Tuyen Vu Ngo, appearing pro se, appeals from the district court's order

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denying his Fed. R. Crim. P. Rule 36 motion. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's order.

I

In September 2005, a federal grand jury in the Western District of Oklahoma returned a two-count indictment charging Ngo and three codefendants with one count of conspiracy to possess with intent to distribute methylenedioxymethamphetamine (commonly referred to as ecstacy), in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute ecstacy, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Ngo was tried on the two counts in March 2006 and a jury convicted him of both counts. On July 10, 2006, Ngo was sentenced to a term of imprisonment of 240 months, to be followed by a three-year term of supervised release. The following day, July 11, 2006, the district court entered a judgment and commitment (J&C) against Ngo.

Ngo filed a direct appeal challenging the sufficiency of the evidence presented at trial. We affirmed his convictions. United States v. Tuyen Vu Ngo, 226 F. App'x 819, 826 (10th Cir. 2007). Ngo then filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion and we subsequently denied Ngo's request for a certificate of appealability. United States v. Ngo, 307 F. App'x 242, 243-44 (10th Cir. 2009).

On November 21, 2013, Ngo filed a pro se motion pursuant to Fed. R. Crim. P. 36 requesting the district court to correct "two errors" in the J&C's description of the terms and conditions of Ngo's supervised release "that plainly conflict[ed] with the district

2

court's oral pronouncement of sentence." Motion at 2 (Dist. Ct. Docket. No. 267). The first such error, according to the motion, was the statement in the J&C that Ngo "'shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.'" Id. at 2-3 (quoting J&C at 3). According to Ngo's motion, the district court made no mention of any such condition during its oral pronouncement of his sentence. The second error identified in Ngo's motion was the J&C's statement that Ngo "'shall not possess a firearm, destructive device, or any other dangerous weapon.'" Id. (quoting J&C at 3). Although Ngo's motion conceded that the district court noted during its oral pronouncement that Ngo was prohibited from possessing firearms or other destructive devices, Ngo's motion asserted that the district court nevertheless made no mention of "so-called dangerous weapons." Id.

On January 29, 2014, the district court issued an order denying Ngo's Rule 36 motion. The district court concluded, in pertinent part, that "there [wa]s no conflict between [its] oral sentencing ruling and the written [J&C]." Order at 2 (Dist. Ct. Docket No. 269). The district court noted that it "twice told" Ngo during the sentencing hearing that "he would be subject to the standard conditions of supervision." Id. "Those conditions," the district court noted, "include the drug testing provision and the dangerous weapons provision." Id. "Moreover," the district court noted, "the drug testing provision is required by statute." Id. (citing 18 U.S.C. § 3583(d)).

Ngo filed a timely notice of appeal.

3

On appeal, Ngo challenges the district court's ruling by repeating verbatim the arguments contained in his Rule 36 motion. We have never definitively outlined the standard of review for dispositions of Rule 36 motions. See United States v. Gutierrez, 401 F. App'x 378, 380 (10th Cir. 2010) ("We have yet to determine the standard of review for Rule 36 motions."); United States v. Hayden, 10 F. App'x 647, 649 (10th Cir. 2001) (applying abuse of discretion standard); United States v. Sides, No. 93-5101, 1994 WL 38640 at *2 (10th Cir. Feb. 10, 1994) (applying clearly erroneous standard). Fortunately, we need not resolve the standard of review question in this case because the district court's decision is not subject to reversal under any conceivable standard of review.

Federal Rule of Criminal Procedure 36 states that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Fed. R. Crim. P. 36. "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir. 1996) (internal citations omitted).

Ngo asserts, as he did before the district court, that the district court made no mention of either of the two challenged terms of supervised release during his sentencing hearing. But it is undisputed that, during Ngo's sentencing hearing, "the [district] court

twice told [Ngo] he would be subject to the standard conditions of supervision." Order at 2 (Dist. Ct. Docket No. 269). Assuming that those statements by the district court at sentencing were ambiguous, see United States v. Villano, 816 F.2d 1448, 1453 n.6 (10th Cir. 1987) (noting that an ambiguity may exist when "the extent of the sentence cannot be ascertained from the language used"), we conclude that they were subsequently clarified by the district court's completion and filing of the J&C, see id. at 1453 (noting that an ambiguity in the oral pronouncement of a sentence can be resolved by consulting the J&C).

For these reasons, it is apparent from the record that the two purported "errors" in the J&C that were identified in Ngo's motion are not the type of "clerical mistakes" encompassed by Rule 36. Both of the purported "errors" are, in reality, terms of supervised release that the district court intentionally imposed and included in the J&C. Consequently, Ngo cannot now seek to change those conditions by the filing of a Rule 36 motion. Any alteration of those terms in the J&C would amount to a substantive modification of Ngo's sentence, which would be beyond the authority granted the district court under Rule 36. We therefore conclude that the district court did not err in denying Ngo relief.

The district court's order denying Ngo's Fed. R. Crim. P. Rule 36 motion is

AFFIRMED.  Ngo's motion for leave to proceed in forma pauperis on appeal is DENIED.


Entered for the Court



Mary Beck Briscoe
Chief Judge