**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRAVIS BEN MARTIN,

    Defendant - Appellant.

No. 23-4109
(D.C. No. 2:11-CR-00108-HCN-DAO-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

After Travis Martin violated a condition of his supervised release, the district

court revoked that release and sentenced him to time served, with no additional

supervision to follow. In so doing, it denied Martin's motion under Federal Rule of

Criminal Procedure 36 seeking to correct an alleged clerical error in his underlying

criminal judgment. On appeal, defense counsel filed an *Anders* brief and moved to

withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

"conscientious examination" of record, counsel finds appeal "wholly frivolous," then counsel may move to withdraw and contemporaneously file a "brief referring to anything in the record that might arguably support the appeal"). Martin filed a pro se response to the *Anders* brief, and the government declined to file a brief. After reviewing the *Anders* brief, considering Martin's pro se response, and conducting our own thorough examination of the record, we conclude that Martin's appeal is wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). We therefore dismiss the appeal and grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

## Background

In 2012, Martin pleaded guilty to robbing a bank and being a felon in possession of a firearm. At sentencing, the district court imposed ten years in prison and three years of supervised release, stating that while on supervision, Martin must "comply with standard conditions of supervised release." R. vol. 1, 101. The district court then entered a written judgment, which included a list of 14 standard conditions of supervision. As relevant here, the last standard condition was a search condition requiring that Martin "submit his . . . person, residence, office[,] or vehicle to [a] search[] conducted by the probation office at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release." *Id.* at 44.

In 2020, over a year into Martin's term of supervised release, law-enforcement officers responded to a 911 call reporting that Martin had held the caller hostage with

a machete a day earlier. The officers arrested Martin and, after two federal probation officers arrived at the scene, performed a warrantless search of the residence with those probation officers. The search uncovered a machete, "another bladed weapon," and methamphetamine. *Id.* at 120. Based on these events, Martin was charged in Utah state court with aggravated kidnapping and possession of a dangerous weapon by a restricted person. Martin moved to suppress the evidence discovered during the search, but the state court denied his motion on the basis that the warrantless search was justified by the search condition of Martin's supervised release. After a bench trial, the state court convicted Martin of both charged crimes.

Meanwhile, in federal court, Martin faced allegations that he violated his supervised-release conditions by committing new crimes. Martin, proceeding pro se with standby counsel, responded with a motion to suppress the evidence discovered during the search that led to his state-court convictions. The district court denied the motion, holding that the exclusionary rule does not apply in supervised-release-revocation proceedings. And even if it did, the district court concluded, evidence exclusion "would have no effect on . . . Martin's pending revocation proceedings" because the alleged violations were based on the two state-court convictions, which he could not collaterally attack in a revocation proceeding. *Id.* at 257.

Martin next filed a motion to correct a clerical error under Federal Rule of Criminal Procedure 36, requesting that the district court remove the search condition from the list of standard conditions of supervision in the written judgment. In support, Martin argued that because the district court did not orally pronounce the

search condition at the sentencing hearing, the written judgment must be amended to conform to the oral sentence. The district court denied the motion, concluding that there was no conflict between the two because the district court orally "imposed the court's standard conditions of supervised release" at the sentencing hearing and "the District of Utah adopted [the search condition as a] standard condition in 2011." *Id.* at 315–16. The district court also denied Martin's subsequent motion for reconsideration, reiterating that it had "expressly stated" at sentencing that "Martin would be required to comply with the standard conditions of supervision" even though it "did not orally enumerate these conditions." *Id.* at 362. And even if the failure to orally enumerate the conditions was error, the district court added, it "was not [a] mere clerical error" that could be corrected under Rule 36 because "the written judgment accurately reflects" the district court's intent "to impose the court's standard conditions of supervision." *Id.*

Ultimately, Martin admitted that he violated a condition of his supervised release by committing new crimes while on supervision. And based on that admission, the district court revoked his supervised release and imposed a sentence of time served, with no supervised release to follow. Martin appeals.

## Analysis

In the *Anders* brief, defense counsel asserts that there is no nonfrivolous basis on which to challenge either the district court's order denying Martin's motion to suppress or its order denying his Rule 36 motion. In response, Martin clarifies that he does not wish to appeal the suppression ruling. Rather, he seeks to appeal only the

4

district court's denial of his Rule 36 motion, challenging "the overall validity of [the s]tandard [search c]ondition." Aplt. Resp. 4.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[1] Fed. R. Crim. P. 36. We have held that this rule authorizes a district court to amend a written judgment to bring it into conformity with the orally pronounced sentence. *United States v. Sasser*, 974 F.2d 1544, 1561–62 (10th Cir. 1992); *see also United States v. Villano*, 816 F.2d 1448, 1450–51 (10th Cir. 1987) (en banc) ("It is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a [written] judgment . . . when the two conflict."). But it "does not give the court authority to substantively modify a [d]efendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996). Put simply, "Rule 36 is narrow, applying only to uncontroversial and non[]substantive clerical errors 'of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Kieffer*, 596 F. App'x 653, 660 (10th Cir. 2014) (quoting *United States v. Penson*,

---

[1] The standard of review for decisions on Rule 36 motions is unclear. *See United States v. Williams*, No. 21-3157, 2022 WL 2288245, at *2 (10th Cir. June 24, 2022) (unpublished) (noting that "[w]e've not issued a published opinion stating the standard for review of motions for clerical correction" under Rule 36, and other circuit courts "differ on whether to apply the de novo standard, the abuse-of-discretion standard, or the clear-error standard"). Because the outcome would be the same under any standard of review, we need not decide which standard applies. *See id.*

526 F.3d 331, 335 (6th Cir. 2008)).[2]

Here, we agree with defense counsel that inclusion of the challenged search condition in the written judgment was not a clerical error correctable by Rule 36. At the sentencing hearing, the district court told Martin that he would be subject to "standard conditions of supervised release." R. vol. 1, 101. To be sure, the district court did not specify which "standard conditions of supervised release" it adopted, creating an ambiguity in the orally pronounced sentence. *See Villano*, 816 F.2d at 1453 n.6 (explaining that ambiguity in oral sentence may exist when "the extent of the sentence cannot be ascertained from the language used"). But the ambiguity in the oral pronouncement was "subsequently clarified by the district court's completion and filing of the [written judgment]," which included the challenged search condition in the list of standard conditions of supervised release. *United States v. Ngo*, 556 F. App'x 752, 754 (10th Cir. 2014); *see also Villano*, 816 F.2d at 1451 (holding that if oral sentence is ambiguous, reviewing court may look to written judgment "to determine the intended sentence"). And because the written judgment confirms the district court's intent to impose the challenged search condition, removal of that condition would not correct a deviation from an unambiguous oral sentence; it would instead amount to a substantive modification of Martin's sentence outside the scope of Rule 36. *See Ngo*, 556 F. App'x at 754 (concluding that although district court did not mention two challenged standard conditions of supervised release at sentencing

---

[2] We cite unpublished cases for their persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

hearing, removing such conditions from written judgment would constitute substantive change beyond Rule 36's reach because district court did announce defendant would be subject to standard conditions, such that judgment merely clarified ambiguity in oral sentence); *cf. United States v. Geddes*, 71 F.4th 1206, 1215–16 (10th Cir. 2023) (reversing imposition of discretionary standard conditions of supervised release on direct appeal where district court "said nothing about [standard] conditions" at sentencing and nothing in its language could "be construed as ambiguous—the district court simply did not incorporate or impose *any* standard conditions of supervised release" (emphasis added)). Under these circumstances, we see no nonfrivolous argument that the district court erred in denying Martin's Rule 36 motion.

## Conclusion

Because our consideration of the briefs and our examination of the record reveals no nonfrivolous basis for appeal, we dismiss the appeal and grant defense counsel's motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court

Nancy L. Moritz
Circuit Judge