**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LORENZO MORALES,

    Defendant - Appellant.

No. 25-3036
(D.C. No. 6:91-CR-10038-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

Lorenzo Morales, proceeding pro se,[1] appeals the district court's denial of his motion to correct the record under Federal Rule of Criminal Procedure 36. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Morales is pro se, we construe his pleadings liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.    Background

Morales pleaded guilty to possession of a machine gun and conspiracy to possess marijuana in 1994 in federal district court in Kansas.  He was sentenced to 39 months' imprisonment.  Following the proceedings, the government investigated whether Morales was subject to deportation from the United States.  In 1999, the case underlying the 1994 judgment was transferred to the United States District Court for the Southern District of Illinois for supervision purposes.  Thereafter, Morales accumulated additional criminal convictions.  He is currently in federal custody.

In December 2024, thirty years after the entry of judgment and long after the completion of his sentence, Morales filed a motion in the District of Kansas to correct the record under Federal Rule of Criminal Procedure 36.  In the motion, Morales asks the district court to change his social security number to an entirely different number on the July 11, 1994 judgment.  He says only that the number on the judgment was "in error," without providing any documentation to support his statement.  R. vol. II at 3.  The district court denied the motion in a text-entry-only order and instructed Morales to direct any claims for relief to the Southern District of Illinois.  Morales timely appealed.

## II.    Discussion

This court has not yet specified a standard of review for the denial of a Rule 36 motion.  *See, e.g.*, *United States v. Ngo*, 556 F. App'x 752, 753 (10th Cir. 2014) (unpublished); *United States v. Gutierrez*, 401 F. App'x 378, 380 (10th Cir. 2010) (unpublished).  But we need not decide this question now because, for the reasons

discussed below, the district court's decision is not subject to reversal under any standard of review.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "[T]his Rule allows correction of only non-substantive errors, and does not give the court authority to substantially modify [the record]." *United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011) (internal quotation marks omitted).

On appeal, Morales contends the Rule 36 motion sought clerical relief only because he sought to change his social security number on the judgment. But he also argues that (i) the district court violated his due process rights by failing to correct his social security number before proceeding with the plea agreement; (ii) his plea agreement violated Federal Rule of Criminal Procedure 11(b)(3); and (iii) he received ineffective assistance of counsel. He also asks us to vacate his conviction.

Morales did not present evidence or raise any argument, let alone these arguments, as to why his social security number was incorrect before the district court. We do not consider arguments raised for the first time on appeal unless the party raising them establishes plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) ("[W]e will entertain forfeited theories on appeal, but we will reverse a district court's judgment on the basis of a forfeited theory only if

failing to do so would entrench a plainly erroneous result."). Morales does not establish plain error. His failure to do so "marks the end of the road." *Id.* at 1131.

Even if Morales had raised these arguments before the district court, they challenge the 1994 conviction—not the denial of the Rule 36 motion. Rule 36 is not the appropriate vehicle to change the record in a way that may substantively affect a defendant's case. *See United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir. 1996) ("Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence.") (citations omitted)); *see also United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) ("A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or [secretarial or administrative assistant] might commit, mechanical in nature." (internal quotation marks omitted)). Morales's request sought a change to the record that could substantively impact this case and other proceedings. Such a change is not the type anticipated by Rule 36. And even if it was, no evidence accompanied the motion to show the judgment had the incorrect social security number or to show the social security number provided in the motion is Morales's correct social security number. Under these circumstances, we find no reversible error.

### III.    Conclusion

We affirm the district court.  And we grant Morales's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge