FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDE BRIAN ISABELLA,

    Defendant - Appellant.

No. 25-1254
(D.C. No. 1:14-CR-00207-SKC-1)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

Rande Brian Isabella, proceeding pro se,[1] appeals the district court's denial of his motion to correct a clerical error under Federal Rule of Criminal Procedure 36. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Isabella represents himself, we construe his filings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  BACKGROUND

A jury convicted Isabella of two charges:  persuading and attempting to persuade a minor ("S.F.") to engage in sexual activity for which any person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) (Count 1), and attempting to persuade S.F. to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count 2).  The jury acquitted him of two other charges based on separate interaction with an undercover officer.  The district court sentenced Isabella to two concurrent 216-month sentences, and this court affirmed.  *See United States v. Isabella*, 918 F.3d 816, 849 (10th Cir. 2019).

A year later, Isabella filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  The district court found that one claim was procedurally defaulted and denied the remaining claims on the merits.  He then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  Finding Isabella failed to identify a change in the controlling law, previously unavailable evidence, or clear error in the court's decision, the district court denied the motion.  Isabella then sought a certificate of appealability ("COA") from this court to appeal from the district court's denial of his § 2255 motion.

In considering Isabella's COA request, this court observed that Count 2 of the indictment charged Isabella both with violating § 2251(a) and attempting to violate it.  At the jury instruction conference, the government requested that the court instruct the jury only as to the attempt aspect of Count 2.  Over Isabella's objection, the district court instructed the jury as the government requested.  This court denied

Isabella's COA request and dismissed his appeal, noting that the jury did not have to find that Isabella was involved in a completed violation of § 2251(a) "to conclude that he attempted to persuade, induce, entice, or coerce S.F. to engage in the production of child pornography." *United States v. Isabella*, No. 22-1101, 2023 WL 2028964, at *4 (10th Cir. Feb. 16, 2023) (unpublished).

Isabella then filed a Rule 36 motion, arguing the district court's judgment contained a clerical error because it did not contain an acquittal or dismissal of the completed aspect of Count 2. His motion asked the court to correct the alleged error by disposing of the completed aspect of Count 2. In denying the motion, the district court first explained that Isabella was not acquitted of the completed aspect of Count 2 because "[t]hat theory of liability was never given to the jury for deliberation and decision," R. vol. I at 103, and the jury ultimately convicted him of the attempt aspect of Count 2. The district court then concluded that Isabella's requested correction was not for a clerical error but rather "a substantive modification to the judgment," and was therefore beyond Rule 36's scope. *Id.* at 104.

## II. DISCUSSION

This court has not yet determined the applicable standard of review for a district court's ruling on a Rule 36 motion. *See, e.g.*, *United States v. Williams*, No. 21-3157, 2022 WL 2288245, at *2 (10th Cir. June 24, 2022) (unpublished); *United States v. Ngo*, 556 F. App'x 752, 753 (10th Cir. 2014) (unpublished). We need not determine the proper standard now because Isabella's appeal fails under any standard of review.

3

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) (internal citations omitted).

The district court did not err when it denied Isabella's Rule 36 motion because his motion did not seek to correct a clerical-type error. Isabella moved for a change in the judgment reflecting acquittal or dismissal of the completed aspect of Count 2, a theory of liability the jury did not consider. Instead, the jury was instructed on and convicted Isabella of the attempt aspect of Count 2. Not only would it defy logic for him to be both convicted and acquitted of the same count, but Isabella's motion falls outside Rule 36's ambit because a correction disposing of any portion of Count 2 would "substantively modify" the judgment. *Id.*

## III.  CONCLUSION

We affirm the district court's denial of Isabella's motion under Rule 36 to correct an alleged clerical error in his criminal judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4