**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

**MAR 21 2001**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 00-3343 |
| | (D. Kan.) |
| MICHAEL E. HAYDEN, | (D.Ct. No. 94-CR-10064-JTM) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, McKAY**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Michael Edward Hayden, a federal inmate appearing *pro se*,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court's decision denying his motion to correct sentencing errors pursuant to Federal Rule of Criminal Procedure 36. We affirm the district court's denial of Mr. Hayden's motion.

In 1994, Mr. Hayden received a conviction for conspiracy to distribute cocaine base and unlawful possession with intent to distribute approximately 27 grams of cocaine base. The district court sentenced him to a concurrent term of 170 months in prison. In February 1997, this court affirmed Mr. Hayden's conviction and sentence on direct appeal. *See United States v. Hayden*, 108 F.3d 341, 1997 WL 82475, \*\*1-6 (10th Cir. Feb. 27, 1997) (unpublished op.).

On May 15, 2000, Mr. Hayden filed a "Motion to Correct For Clerical Errors Pursuant to Rule 36 of the Federal Rules of Criminal Procedure." In his motion, Mr. Hayden alleged the district court committed clerical errors by 1) using a prior offense – *i.e.*, providing false information to a police officer–to calculate his criminal history; and 2) failing to afford him the right to "allocution" at sentencing. The district court denied Mr. Hayden's motion finding his argument did not involve any "clerical" error, as required by Fed. R. Crim. P. 36. Instead, the district court concluded Mr. Hayden was merely "attempting to raise these issues via Rule 36, which permits correction of clerical errors 'at any time,'

in order to avoid the clear prohibition on raising new substantive arguments more than one year after his conviction became final." As to Mr. Hayden's criminal history argument, the district court noted the underlying offense of providing false information (*i.e.*, "obstruction of process") was included in the presentencing report's criminal history calculation. While Mr. Hayden objected to inclusion of this offense, the district court pointed out it nevertheless adopted the presentencing report and that no clerical error occurred. In addition, the district court pointed out the alleged error in not permitting "allocution" at sentencing is not a "clerical" error within the meaning of Rule 36, nor subject to collateral attack.

On appeal, Mr. Hayden renews his criminal history and "allocution" claims, asserting the district court made either "clerical" errors or admitted to making "intentional" errors on these claims. For instance, by adopting the presentence report, Mr. Hayden claims the district court admitted to intentionally adopting "an illegal sentence imposed in an illegal manner." In addition, Mr. Hayden reasons that the district court believed "clerical" errors existed because it ordered the government to respond to his motion. Finally, Mr. Hayden raises an issue of "breach of ... [an] (implied) quasi-judicial contract" by the district court because it failed to properly "adjudicate" his sentence or adjudicated his sentence in bad

faith.[1]

In response to Mr. Hayden's appeal, the government asserts Mr. Hayden is procedurally barred from challenging either the calculation of his criminal history or the district court's failure to allow him "allocution" at sentencing. In support, the government argues Mr. Hayden's Rule 36 motion should be construed as a habeas corpus motion filed pursuant to 28 U.S.C. § 2255 because it challenges the validity of his sentence. Because Mr. Hayden did not raise the issues presented in his motion on direct appeal, the government contends he is barred from raising them in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice, or that a fundamental miscarriage of justice will occur.

---

[1] For the first time on appeal, Mr. Hayden also raises an *Apprendi* argument in his reply brief to the government's brief on appeal. Mr. Hayden claims the jury convicted him under 21 U.S.C. § 841(b)(1)(A) without receiving the proper jury instruction on quantity. In addition, Mr. Hayden raises an *Apprendi* argument with regard to the firearm enhancement applied to his drug trafficking conviction. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

First, the United States Supreme Court has not ruled on whether *Apprendi* applies retroactively on collateral review under § 2255. *See Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000). Second, even assuming *Apprendi* applies retroactively on collateral attack, Mr. Hayden's 170-month (*i.e.*, fourteen-year sentence) does not exceed the twenty-year maximum sentence for an undetermined drug quantity under 21 U.S.C. § 841(b)(1)(C). Therefore, even if we addressed the merits and applied a plain-error analysis, we would conclude Mr. Hayden's substantial rights were not affected. *See United States v. Heckard*, 238 F.3d 1222, 1235 (10th Cir. 2001).

Moreover, the government asserts that once Mr. Hayden's motion is construed as a § 2255 motion, it is untimely as it was filed three years after his conviction and sentence became final.

Regardless of whether Mr. Hayden's motion is construed under Rule 36 or § 2255, it fails under either standard of review. We review the district court's legal basis for denial of a § 2255 motion *de novo*, *see United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), and denial of a Rule 36 motion for abuse of discretion. *See United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir. 1982).

As the government asserts, a motion filed under § 2255 is the method used to collaterally attack the validity of a conviction and sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Because Mr. Hayden's motion appears to challenge the validity of his sentence, it should be construed as a § 2255 motion. *See* 28 U.S.C. § 2255 (allowing prisoner in custody to move court "to vacate, set aside or correct the sentence"). However, as the district court recognized, a § 2255 motion must be brought within one year after the sentence is final. *See* 28 U.S.C. § 2255. Because Mr. Hayden did not file his motion until three years after his sentence became final, it is untimely as a § 2255 motion. Moreover, Mr. Hayden has not alleged nor asserted any

exceptional circumstances warranting equitable tolling of the one-year limitation period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Thus, even if we construe Mr. Hayden's motion as filed under § 2255, it must fail.[2]

Alternatively, we note the district court denied Mr. Hayden's motion as one filed under Rule 36, aptly noting Mr. Hayden most likely filed it as such in an attempt to avoid the one-year limitation under § 2255. On appeal, Mr. Hayden insists his motion is not a collateral attack under § 2255, and therefore, should be considered under Rule 36. However, even if we consider Mr. Hayden's motion as a Rule 36 motion to correct "clerical" errors, it also must fail.

Under Rule 36, the district court may, at any time, correct "[c]lerical mistakes in judgments, orders or other part of the record and errors in the record arising from oversight or omission." Fed. R. Crim. Proc., Rule 36. In this case, the district court correctly pointed out that none of the alleged errors asserted by Mr. Hayden are the type considered "clerical" under Rule 36 because they involve

---

[2] Even if we construe the motion as filed under § 2255, Mr. Hayden has not requested, nor will we grant, a certificate of appealability required for § 2255 motions as Mr. Hayden fails to make a substantial showing of the denial of a constitutional rights required under 28 U.S.C. § 2253(c)(2) and *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

claims of substantive error concerning his sentence. On appeal, Mr. Hayden simply sets forth his own convoluted and confused interpretation of the district court's decision. Contrary to Mr. Hayden's allegations, the district court never explicitly or implicitly admitted it made intentional, substantive errors. Moreover, merely because the district court stated it adopted the presentence report does not mean it implicitly admitted intentionally adopting an illegal sentence. The district court simply explained that even though Mr. Hayden objected to the presentence report's inclusion of his false information offense (*i.e.*, "obstruction of process") in calculating his criminal history, the court nevertheless adopted the presentence report and no clerical error occurred. Thus, because Mr. Hayden failed to renew his objection on direct appeal, a procedural bar exists for collaterally raising the issue in his motion. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

In addition, it is ludicrous for Mr. Hayden to assume that because the district court ordered the government to respond to his motion, the court believed his motion was valid. Finally, Mr. Hayden cites no authority for his absurd proposition that a judge may be subject to reversal for breach of an "implied, quasi-judicial contract" in sentencing. We will not consider an appellate argument absent cogent legal authority supporting it. *See United States v.*

*Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995).

For these reasons, we **AFFIRM** the district court's denial of Mr. Hayden's motion.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge