**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRYAN JAMES GARDNER,

      Defendant - Appellant.

No. 14-4069
(D.C. No. 2:13-CR-00016-TC-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **SEYMOUR** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Bryan Gardner pleaded guilty to possessing child pornography and was sentenced to a ten-year term of imprisonment, with credit for time served prior to the actual commencement of his sentence. Approximately ten months after the entry of judgment, Gardner filed a motion pursuant to Fed. R. Crim. P. 36 asking the district court to amend the judgment to specify the exact dates for which Gardner would receive credit. The district court denied Gardner's motion. Gardner now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In August 2009, Utah law enforcement agents were notified by the New Jersey State Police that someone utilizing an IP address in Utah was involved in downloading, viewing and possibly distributing child pornography. Subsequent investigation determined that Gardner was the owner of the IP address. Gardner had previously been convicted of crimes against children, was on state parole, and was listed on the Utah Sex Offender Registry. The investigation also verified that images of child pornography had been uploaded from Gardner's IP address.

On January 21, 2010, an agent with the Utah State Department of Probation and Parole, familiar with the investigation, took Gardner into state custody on a parole violation. A search of Gardner's computer revealed the presence of hundreds of images of child pornography, including some of a sadistic nature.

On June 23, 2010, a federal grand jury (in Case No. 2:10-CR-551-TC) indicted Gardner on one count of possession of child pornography, in violation of 18 U.S.C. §

-2-

2252A(a)(5)(B). On March 29, 2011, Gardner was arraigned on the indictment and elected to remain in state custody. On April 2, 2012, Gardner filed a motion to be taken into federal custody. That motion was granted on April 5, 2012. On August 12, 2012, a federal grand jury returned a superseding indictment charging Gardner with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b). On January 7, 2013, the case against Gardner (Case No. 2:10-CR-551-TC) was dismissed without prejudice due to a violation of the Speedy Trial Act.

Three days later, on January 10, 2013, a federal grand jury (in Case No. 2:13-CR-16-TC) reindicted Gardner on one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b). On February 1, 2013, Gardner pleaded guilty, pursuant to a written plea agreement, to the possession charge alleged in the indictment. Notably, the written plea agreement included a provision stating that Gardner "[wa]s free to appeal the Bureau of Prisons['] calculation of his credit for time served." ROA, Vol. 2 at 11.

On August 6, 2013, the district court sentenced Gardner to a ten-year term of imprisonment with credit for time served in this case (Case No. 2:13-CR-16-TC) and in the dismissed case (Case No. 2:10-CR-551-TC). ROA, Vol. I at 19. The district court also ordered that the term of incarceration was to run concurrently with two state sentences that Gardner was serving. Id. Lastly, the district court ordered that, upon his

-3-

release, Gardner would be placed on supervised release for the remainder of his life. The district court entered judgment in the case on August 8, 2013.

Nearly ten months later, on June 4, 2014, Gardner filed a motion to correct clerical error pursuant to Fed. R. Crim. P. 36. In a supporting memorandum, Gardner stated that, "[i]n order to avoid confusion by the computation authorities at the Federal Bureau of Prisons," he was "seeking to have the judgment amended to reflect the exact dates for which the [district] court ordered credit for time served." Docket No. 40 at 2. This proposed amendment, he argued, fell within the scope of Rule 36 because it constituted an "omission" from the original judgment. Id. Gardner also asserted that he was "not attempting to intrude into the authority of the Bureau of Prisons to calculate his sentence." Id. at 3.

Without waiting for a response from the government, the district court filed a one-page order denying Gardner's motion. The order stated, in pertinent part, that "[t]he [district] court w[ould] leave determination and calculation of time served to the Bureau of Prisons." Docket No. 42 at 1.

Gardner filed a timely notice of appeal.

II

On appeal, Gardner argues that the district court erred in denying his Rule 36 motion. We have found no published Tenth Circuit decisions outlining the proper standard of review for such a claim. The most recent unpublished Tenth Circuit decision we have found, United States v. Hayden, 10 F. App'x 647 (10th Cir. 2001), provides that

-4-

the "denial of a Rule 36 motion [is reviewed] for abuse of discretion." Id. at 650 (citing United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982)). As Gardner notes, however, some circuits apply a de novo standard of review in assessing a district court's application of Rule 36. E.g., United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004); United States v. Burd, 86 F.3d 285, 287 (2d Cir. 1996). Fortunately, we need not conclusively resolve which is the proper standard to apply because Gardner's appeal lacks merit, and would fail under either standard of review.

Federal Rule of Criminal Procedure 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence." United States v. Blackwell, 81 F.3d 945, 948-949 (10th Cir. 1996) (internal citations omitted). A "clerical error" of the type anticipated by Rule 36 "should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995). Typically, this would be an error "of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Penson, 526 F.3d 331, 335 (6th Cir. 2008). Thus, the scope of Rule 36 is narrow.

Turning to the record in this case, it is beyond dispute that Gardner's motion failed to identify any "clerical error" of the type anticipated by Rule 36. During Gardner's

sentencing hearing, the district court expressed its intent that Gardner receive credit for time served since his arrest in 2010. But the district court noted that the Bureau of Prisons would be charged with the responsibility of making those calculations, and that, based upon the information in the presentence investigation report, the Bureau of Prisons "would be aware" of Gardner's pre-plea custody status. ROA, Vol. II at 13. The district court's written judgment in turn accurately reflected the district court's oral statements at sentencing. The written judgment stated that Gardner was to be imprisoned "for a total term of . . . 120 months with credit for time served in this case and in case no. 2:10 CR 551 TC [the original criminal case that was dismissed due to a violation of the Speedy Trial Act]." ROA, Vol. I at 19. Thus, both the district court's statements at sentencing and its written judgment effectively indicated that the Bureau of Prisons was to calculate and give Gardner credit for the time served in connection with his federal charges. And, notably, the district court's written order denying Gardner's motion verified this: "The court will leave determination and calculation of time served to the Bureau of Prisons." Id. at 29.

Rather than identifying a "clerical error" in the written judgment, Gardner's Rule 36 motion asked the district court "to amend the judgment to include . . . the exact dates for which [Gardner] [wa]s to receive credit for time served." Id. at 24. According to Gardner, the purpose of the motion was "to avoid confusion by the computation authorities at the Federal Bureau of Prisons." Id. at 25. In other words, Gardner sought to have the district court do something it declined to do at the time of sentencing:

calculate the amount of time that Gardner served prior to the entry of judgment and direct the Bureau of Prisons to award him credit for that exact amount of time. Quite clearly, this request was beyond the scope of Rule 36 and the district court properly rejected Gardner's motion.

It is also worth noting, as the government asserts in its appellate response brief, that the district court in any event lacked authority to grant Gardner specific credit for time served prior to the commencement of his ten-year sentence. Section 3585(b) of Title 18 states that "[a] defendant shall be given credit . . . for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . [t]hat has not been credited against another sentence." 18 U.S.C. § 3585(b). In <u>United States v. Wilson</u>, 503 U.S. 329, 333 (1992), the Supreme Court interpreted § 3585(b) as requiring "computation of the credit [to] occur after the defendant begins his sentence." As a result, the Court held, a district court "cannot apply § 3585(b) at sentencing." <u>Id.</u> The Court further held that "the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence," and, "[t]o fulfill this duty, . . . has no choice but to" compute the credit under § 3585(b) "as an administrative matter when imprisoning the defendant." <u>Id.</u> at 335. Although it is true that Gardner's Rule 36 motion did not expressly ask the district court to specify a precise number of days or months for which he was to receive credit, the effect of his motion was the same, since it asked the district court to specify the exact period for which Gardner

was to receive credit.  Thus, even aside from Rule 36, the district court lacked authority to grant that request.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Chief Judge